IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                  ORDER

        v.                            11-cr-42-bbc-2

DARIUS RASHUN KILGORE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Darius Rashun Kilgore's supervised release was held on February 7, 2013, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Adam Walsh. Also present was U.S. Probation Officer Michael J. Nolan.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on August 9, 2011, following his conviction for being an unlicensed person in possession of a firearm obtained out of state (aiding and abetting), in violation of 18 U.S.C. §§ 922(a)(3) and (2). This offense is a Class D felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 14 months, with a two-year term of supervised release to

follow. He began his term of supervised release on August 31, 2012.

Defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime when he was arrested on October 17, 2012. He was charged with three offenses: a second offense of possession of cocaine, resulting in his conviction in the Circuit Court for Rock County, in case no. 2012CF002536; operating while revoked, resulting in his conviction in Rock County case no. 2012TF017522; and no registration, resulting in his conviction in Rock County case no. 2012TF017523.

Defendant violated Special Condition No. 4, which prohibits illegal drug use, as evidenced by a urine specimen he submitted on December 6, 2012, which tested positive for synthetic marijuana, and his admission to ingesting synthetic marijuana.

Defendant's violations include conduct that falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon the finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is II. With Grade B violations, he has an advisory guideline term of imprisonment of 6 to 12 months. The statutory maximum to which he can be sentenced upon revocation is not more than two years under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class D felony. Revocation for possession of

a controlled substance is required under 18 U.S.C. § 3583(g).

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 31, 2012, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of imprisonment of six months, with no supervised release to follow.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment only is stayed until February 28, 2013, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until February 28, 2013. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of February 2013.

BY THE COURT:
/s/
Barbara B. Crabb
U.S. District Judge